Ripsime TSATURYAN, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 06–72222.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

Areg Kazaryan, Law Offices of Areg Kazaryan, Glendale, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

of the District Counsel, Department of Homeland Security, San Francisco, CA, Cheryl Luke Smout, U.S. Department of Justice, Environmental Enforcement Section, Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Ripsime Tsaturyan, a native of Iran and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition.

Substantial evidence supports the agency's conclusion that Tsaturyan failed to establish that she was or would be persecuted on account of a protected ground, because the record does not compel the conclusion that the Armenian military was motivated by more than economic interests when they extorted and mistreated petitioner and her family. *See id.* at 482–84, 112 S.Ct. 812; *cf. Borja v. INS,* 175 F.3d 732, 736–37 (9th Cir.1999) (en banc) (explaining that 'extortion plus' is necessary to satisfy nexus requirement).

Substantial evidence supports the BIA's denial of CAT relief because Tsaturyan failed to establish it is more likely than not that she will be tortured if she returns to Armenia. *See El Himri v. Ashcroft,* 378 F.3d 932, 938 (9th Cir.2004).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

